COPE, Judge.
Appellant Carlos Dennis appeals the dismissal of his petition to set aside a final judgment of dissolution for lack of prosecution. We reverse.
The appellant former husband and appel-lee former wife were divorced in 1991 after entering into a marital settlement agreement. In 1992, the husband filed a motion for relief from judgment under Florida Rule of Civil Procedure 1.540, contending that the marital settlement agreement was the product of fraud and coercion. He attacked the financial terms of the settlement as well as what he contended were unduly restrictive visitation arrangements. Simultaneous with the filing of the motion, the former husband moved for the appointment of a guardian ad litem to address the visitation issues contained in the 1.540 motion. Soon thereafter, the former husband filed a motion seeking temporary visitation relief, and disputes over visitation arrangements continued thereafter.
In July 1992, on renewed motion by the husband, the trial court appointed a guardian ad litem.
In December 1994, the former husband filed a motion for modification of final judgment on visitation issues. Thus, as of 1994, the former husband was seeking to change the visitation arrangements either (a) by set *290 ting aside the final judgment under Rule 1.540 and proceeding to final judgment in the original case; or (b) if that relief were not granted, then by obtaining modification of the final judgment.
The guardian ad litem filed interim reports recommending that the former husband’s visitation rights be liberalized. In June 1995, the guardian ad litem filed his final report.
In March 1996, the former wife moved to dismiss the 1.540 motion for lack of prosecution. She argued that there had been no record activity addressed to the 1.540 motion for over a year. The former wife acknowledged the filing of the guardian ad litem’s report in June 1995, which was within the preceding nine months. The former wife took the position, however, that there were two distinct matters pending before the trial court: (1) the former husband’s 1.540 motion, and (2) the former husband’s petition for modification. The former wife argued that all of the visitation issues related to the petition for modification, but not the 1.540 motion. The former wife thus contended that the guardian ad litem’s final report bore no relationship to the 1.540 motion, and could not be considered record activity for purposes of a motion to dismiss for failure to prosecute. See Fla. Fam. L.R.P. 12.420; Fla. R. Civ. P. 1.420(e).* The trial court dismissed the 1.540 motion for failure to prosecute, and this appeal follows.
We conclude that the 1.540 motion should not have been dismissed for lack of prosecution. The former husband in this case was seeking (among other things) to attack the visitation arrangements by either (a) setting aside the original final judgment by means of the 1.540 motion, and seeking a new judgment with improved visitation and financial arrangements, or (b) alternatively, if 1.540 relief were denied, then seeking expanded visitation rights through the petition for modification. In point of fact, the original request for a guardian ad litem was made in conjunction with the 1.540 motion. The guardian ad litem’s report was pertinent and necessary for resolving the visitation issues involved in the 1.540 motion as well as the petition for modification.
It follows that the guardian ad litem’s final report should have been counted as record activity with respect to the 1.540 motion, and the motion to dismiss for lack of prosecution should have been denied. The order under review is reversed and the cause remanded with directions to reinstate the 1.540 motion.
Reversed and remanded.

 For present' purposes we assume, but do not decide, that Rule 1.420(e) (failure to prosecute) applies to a 1.540 motion.